WALTON (WEAVER v.). See Case No. 5,-488.

WALWORTH (ASHCROFT v.). See Case No. 580.

## Case No. 17,136.

### WALWORTH v. COOK COUNTY.

[5 Biss. 133.] [1]

Circuit Court, N. D. Illinois. June, 1870.

APPLICATION FOR INJUNCTION—PRACTICE.

On filing a bill for an injunction, it is not competent for the complainant to fix a time for hearing the motion for an injunction so far ahead as to embarrass the defendant. The court will, on application, anticipate the rule day.

In equity. Rule to show cause why injunction should not issue, returnable on the 25th. Counsel for complainant [James J. Walworth] contend that such is not a rule to show cause on or before the day set; that the rule day ought not to be anticipated.

Before DRUMMOND, Circuit Judge, and BLODGETT, District Judge.

BLODGETT, District Judge. Mr. Dent came in on Saturday and stated that notice had been served of an application for injunction under a bill filed in court; that the application would be made on the 25th of this month. He stated that the application was against the board of supervisors of this county, to prevent their entering into a certain contract; that the board was then in session, and likely to take action in the matter. In view of the fact that that board is a public body in charge of the county interests, it might be important for the public that they should know whether they had the right to make the contract. I

thought he should have an early hearing, and so intimated to Mr. Dent that the public business should not be delayed by the mere option or motion of the party filing a bill against it, for perhaps the party filing the bill and giving the notice might set an unreasonable day. A man might file a bill and give notice that he would apply for an injunction in six months, and thus get the advantage of an injunction, and yet not get it. I therefore thought that Mr. Dent had a right, under the circumstances, to call the matter up at an earlier day and require you to make your application.

DRUMMOND, Circuit Judge. I think it is not competent for a party to fix a time so far ahead as to embarrass a party defendant by the notice of an application for injunction, but it is the right of the party to whom notice has been given to come in and have the matter disposed of in a reasonable time.